# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>     Plaintiff,<br><br>v.<br><br>Darnell Herring,<br><br>     Defendant. | No. CR 99-364-PHX-RGS<br>No. CV 04-093-PHX-RGS (JM)<br><br>**REPORT AND**<br>**RECOMMENDATION** |

_____

   Pending before the Court is Petitioner's Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody for Writ of Habeas Corpus [Docket No. 106].  In accordance with the Rules of Practice of the United States District Court for the District of Arizona and 28 U.S.C. § 636(b)(1), this matter was referred to the Magistrate Judge for report and recommendation.  As explained below, the Magistrate Judge recommends that the District Court, after an independent review of the record, deny the Petition in part and grant the Petition in part.

## I. BACKGROUND

   On May 20, 1999, the defendant, Darnell Herring, and Jerry Lee Sueing were charged by indictment for violations of 21 U.S.C. § 841(a)(1), Possession With Intent to Distribute Crack Cocaine (Count 1), and 18 U.S.C. § 924(c), Using or Carrying a Firearm During and in Relation to a Drug Trafficking Crime (Counts 2 and 3).  *Docket No. 7* (Indictment).  On April 5, 2000, Jerry Lee Sueing pleaded guilty to Count 2 of the indictment, *Docket No. 47*, and was sentenced to 60 months imprisonment on July 6, 2000.  *Docket Nos. 56 & 57.*

On July 27, 2000, upon defense counsel's motion, the court ordered that Herring be committed to the Bureau of Prisons for the purpose of being examined for competency. *Docket Nos. 60 & 62*. On December 6, 2000, the court held a competency hearing in which it found Herring competent to stand trial. *Docket No. 66*. On May 29, 2001, in an attempt to resolve the matter without trial, the parties participated in a settlement conference before United States Magistrate Judge Lawrence Anderson. *Docket No. 77*. No settlement was reached, and the matter proceeded to trial. On June 27, 2001, the jury found Herring guilty on all three counts of the indictment. *Docket Nos. 85 & 86*. At sentencing on September 5, 2001, upon oral motion by the government, the court dismissed Count 2 of the indictment and sentenced Herring to 210 months imprisonment on Count 1 and 60 months imprisonment on Count 3, with the sentences to run consecutively. *Docket Nos. 87 & 88*. Herring filed an appeal alleging insufficient evidence for conviction under 18 U.S.C. § 924(c) for carrying a weapon during and in relation to a drug sale. *Docket No. 104*. The Ninth Circuit affirmed the conviction and Herring filed a petition for writ of certiorari, which was denied. *Id.*; *Docket No. 106*.

**II.   LEGAL DISCUSSION**

On January 14, 2004, Herring filed the instant Petition Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Petition"). In the Petition, Herring raised four claims of ineffective assistance of counsel.

Pursuant to the Sixth Amendment of the United States Constitution, a criminal defendant has a right to "effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order to determine if Petitioner was denied effective assistance of counsel, the court must determine "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. The *Strickland* standard for ineffective assistance of counsel has two components. A defendant must first demonstrate that counsel's performance was deficient, i.e., that counsel made errors so serious that counsel

was not functioning as the "counsel" guaranteed a defendant by the Sixth Amendment. 466 U.S. at 687, 104 S.Ct. at 2064. It requires the defendant to show that counsel's conduct "fell below an objective standard of reasonableness." 466 U.S. at 687-688, 104 S.Ct. at 2064. Second, a defendant must show that the deficient performance prejudiced the defense, i.e., that counsel's errors were so serious as to deprive the defendant of a fair trial. 466 U.S. at 687, 104 S.Ct. at 2064. In other words, "but for counsel's unprofessional errors, the result of the proceeding would have been different." 466 U.S. at 694, 104 S.Ct. at 2068.

In reviewing counsel's performance, the court must be highly deferential to counsel's behavior. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." 466 U.S. at 689, 104 S.Ct. at 2065. A reviewing court may first consider the prejudice prong of the *Strickland* test, and if it finds that the alleged unprofessional conduct would not have changed the result of the proceeding, it need not consider the performance prong. *Id*.

## A.    Ineffective Assistance – Diminished Capacity

Herring argues that his sentencing counsel was ineffective because he did not request a departure based on U.S.S.G. § 5K2.13. Section 5K2.13 permits departure with respect to non-violent offenses where the defendant may be suffering from "significantly reduced mental capacity."[1] The departure is designed "to reflect the extent to which reduced mental capacity contributed to the commission of the offense." U.S.S.G. § 5K2.13. Although neither party submitted Herring's Presentence Report ("PSR"), the sentencing transcript indicates that Herring's mental history was included in the PSR. His attorney also requested that the Court "give Mr. Herring the minimum sentence possible according to the guidelines." *Sentencing Transcript*, p. 17. These references do not, however, adequately describe the

---

[1]The departure is not available where the defendant "has been convicted of an offense under chapter 71, 109A, 110, or 117, of title 18, United States Code." U.S.S.G. § 5K2.13. The statute under which Herring was convicted, 18 U.S.C. § 924(c), Using or Carrying a Firearm During and in Relation to a Drug Trafficking Crime, is found in chapter 44 of title 18. Thus, the departure, if otherwise warranted, is available.

3

extent and degree of Herring's alleged reduced mental capacity or enlighten whether it contributed to the commission of the crime, or that he was so "significantly" impaired as to qualify for a § 5K2.13 departure.

Moreover, the decision to grant or deny downward departure is discretionary unless the district court indicates that its refusal is based on a restriction that is a matter of law. *United States v. Pinto,* 48 F.3d 384, 389 (9th Cir.1995). Here, counsel's request for "the minimum sentence possible," does not establish that the district court was sufficiently apprised of the potential for a downward departure. The district court therefore may not have exercised its discretion on this point. Because the record contains documentation of both the government's and defense counsel's concerns about Herring's mental capacity, Herring should be resentenced after full consideration of this potential downward departure.

## B.    Ineffective Assistance – Alleged Incompetence

Herring alleges that he was incompetent to stand trial and that his attorneys were ineffective because they failed to have the case dismissed on those grounds. It is clearly established Supreme Court law that convicting a legally incompetent defendant violates due process. *Drope v. Missouri,* 420 U.S. 162, 171-73, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). To present a prima facie claim of substantive incompetence, Herring must present facts showing that at the time of trial or at the time of sentencing, he did not have "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding'" nor "'a rational as well as factual understanding of the proceedings against him.' " *Godinez v. Moran,* 509 U.S. 389, 396, 398, 113 S.Ct. 2680, 125 L.Ed.2d 321 (1993) (quoting *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960)). The record does not establish such facts.

Although Herring refers several times to a psychiatric evaluation performed by a "Ms. Parris," nowhere does he allege that she found him incompetent. Nevertheless, he complains of his attorney's request that he be evaluated by the Federal Bureau of Prison's Psychology Department. *See Docket No. 62* (Order for psychiatric evaluation). As reflected in the

record, *Docket No. 66*, the trial judge reviewed the psychiatric report and found "that the defendant does not have a mental disorder and thus he is and will remain competent and able to participate in the proceedings." *Id.* Herring offers nothing to contradict this determination or to show that he was unable to consult with his lawyer and participate in the proceedings against him.

There is also nothing about these events that support a claim of ineffective assistance of counsel.   Rather than laude his counsel for seeking additional information on his psychiatric condition by filing a Competency Motion, *Docket Nos. 60 & 61*, he complains because it was ultimately determined that he was competent to stand trial.   However, this argument is unconvincing.  That the report sought by his counsel was ultimately unfavorable does not render counsel's performance deficient under the first prong of *Strickland*.

### C.     Ineffective Assistance – Failure to Visit

Herring next alleges that his counsel's performance was deficient because his lawyer "only came to the jail on one occasion to visit with him.  The visit lasted only about thirty minutes." This was significant, Herring contends, because they were not able to discuss his psychological examinations and evaluations, thus leaving Herring "unaware if [trial] attorney Tate even knew that he had been psychologically examined and evaluated." The record does not corroborate these concerns.  While his lawyer may have visited him at jail only once, that was not their only visit.  At sentencing, Herring's lawyer noted that he had met with Herring at CCA, that he set the matter for a settlement conference before Judge Anderson, that the potential ramifications of going to trial were explained to him at the settlement conference, and that he "talked with Mr. Herring again before we started trial.  And then we proceeded to trial because that was his wish." *Sentencing Transcript*, p. 16.  These statements, to which Herring did not object, establish that Herring spoke with his trial counsel on at least three different occasions.  Also at the sentencing hearing, Herring's counsel made it clear that he was aware of Herring's past when he referred to his "extensive medical history" and "his

mental history." *Id.* at 17.  As such, these allegations do not support a finding of deficient performance.

**D.   Ineffective Assistance – Failure to Interview Co-Defendant**

Herring's final claim is that his counsel was ineffective for failing to interview Jerry Sueing, his co-defendant.  Herring claims that the interview would have established that Sueing, unbeknownst to Herring, owned and possessed the firearms that led to Herring's conviction under 18 U.S.C. § 924(c)(2).  This argument is unavailing.

As a threshold matter, Herring's hindsight suggestion that his counsel present additional witnesses does not demonstrate that counsel's performance was constitutionally deficient.  *See Strickland,* 466 U.S. at 689 ("every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time"); *Hendricks v. Calderon,* 70 F.3d 1032, 1040 (9th Cir. 1995) ("hindsight is a weak standard for fixing constitutional minima").  Additionally, Herring has the burden of proof under the *Strickland* test.  *See Laboa v. Calderon*, 224 F.3d 972, 981 (9th Cir. 2000).  Herring has not met this burden as he does not offer an affidavit or other evidence that would support his assertion that Sueing would assume full responsibility for the two weapons found in the vehicle when they were arrested.  Mere speculation that additional witnesses might have provided helpful information is not enough.  *See Bragg v. Galaza,* 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir.2001).

Herring also has not demonstrated prejudice from counsel's alleged failure to present Sueing's testimony.  As the Ninth Circuit held in its decision on his direct appeal, the facts were sufficient to sustain his conviction under 18 U.S.C. § 924(c), as the government provided "sufficient evidence that [Herring] had a gun in his proximately located vehicle . . . ." *Docket No. 105* (Memorandum Decision).  This, the court held, was enough to show he "carried" a gun as that term has been interpreted in *Muscarello v. United States*, 524 U.S. 125, 137 (1998) and *United States v. Medina-Chavarin*, 147 F.3d 1161, 1162 (9th Cir. 1998).

6

In *Muscarello*, the Court held: "In sum, the 'generally accepted contemporary meaning' of the word 'carry' includes the carrying of a firearm in a vehicle.  The purpose of this statute warrants its application in such circumstances."  *Id.* at 137; *Medina-Chavarin*, 147 F.3d 1161, 1162 (9th Cir. 1998).  Here, there were two weapons in the vehicle in which Herring was a passenger.  Even if Sueing had testified these weapons were his, the evidence was more than adequate to sustain the jury verdict.  As such, Herring was not prejudiced and there is no basis for relief on this claim of ineffective assistance.

## III.   RECOMMENDATION

For all of the above reasons, **THE MAGISTRATE JUDGE RECOMMENDS** that the District Court, after its independent review, issue an Order **denying** in part and **granting** in part Petitioner's Petitioner's Petition Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody for Writ of Habeas Corpus [Docket No. 106], and resentence Petitioner.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the District Court's judgment.

However, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the District Court.  *See* 28 U.S.C. § 636(b)(1) and Rules 72(b), 6(a) and 6(e) of the Federal Rules of Civil Procedure.  Thereafter, the parties have ten (10) days within which to file a response to the objections.  If any objections are filed, this action should be designated case number: **CV 04-093-PHX-RGS**.  Failure to timely file objections to any factual or legal determination of the Magistrate Judge may be considered a waiver of a party's right to *de novo* consideration of the issues.  *See United States v. Reyna-Tapia* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).

DATED this 5th day of October, 2005.

Jacqueline Marshall
United States Magistrate Judge

7