**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | ) CIV 04-93-PHX-RGS (JM) |
| Plaintiff-Respondent, | ) |
| | ) CR 99-364-PHX-RGS |
| v. | ) |
| | ) **ORDER** |
| Darnell Herring, | ) |
| Defendant-Movant. | ) |
| | ) |
| | ) |

     Pending before the Court is Movant Darnell Herring's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.  The matter was referred to Magistrate Judge Jacqueline Marshall for Report and Recommendation.  On October 5, 2005, the Magistrate Judge filed her Report and Recommendation with the Court.  On November 14, 2005, Movant filed his Objections to the Magistrate Judge's Report and Recommendation.

**STANDARD OF REVIEW**

     When reviewing a Magistrate Judge's Report and Recommendation, the Court "must make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1)(C); see Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

**BACKGROUND**

     On May 20, 1999, Defendants Darnell Herring and Jerry Lee Sueing ("Sueing") were charged by indictment for violations of 21 U.S.C. § 841(a)(1), Possession with Intent to

1   Distribute Crack Cocaine (Count 1), and 18 U.S.C. § 924(c), Using or Carrying a Firearm

2   During and in Relation to a Drug Trafficking Crime (Counts 2 and 3). On April 5, 2000,

3   Sueing pleaded guilty to Count 2 of the Indictment, and was sentenced to 60 months

4   imprisonment on July 6, 2000.

5   On July 27, 2000, upon defense counsel's motion, the Court ordered that Movant be

6   committed to the Bureau of Prisons for the purpose of being examined for competency. On

7   December 6, 2000, the Court held a competency hearing in which it found Movant competent

8   to stand trial. On May 29, 2001, in an attempt to resolve the matter without trial, the parties

9   participated in a settlement conference before Magistrate Judge Lawrence Anderson. No

10  settlement was reached, and the matter proceeded to trial.

11  On June 27, 2001, the jury found Movant guilty on all three counts of the Indictment.

12  At sentencing on September 5, 2001, upon oral motion by the government, the Court

13  dismissed Count 2 of the Indictment and sentenced Movant to 210 months imprisonment on

14  Count 1 and 60 months imprisonment on Count 3, with the sentences to run consecutively.

15  Movant subsequently filed an appeal alleging insufficient evidence for conviction

16  pursuant to 18 U.S.C. § 924(c) for carrying a weapon during and in relation to a drug sale.

17  The Ninth Circuit affirmed the conviction and Movant filed a petition for writ of certiorari,

18  which was denied.

19                                              **DISCUSSION**

20  In his Petition to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255,

21  Movant raises four claims of ineffective assistance of counsel. Each claim is addressed by

22  the Magistrate Judge in her Report and Recommendation. The first issue contends that

23  Movant's counsel was ineffective for failing to request a downward departure pursuant to

24  United States Sentencing Guidelines ("U.S.S.G.") § 5K2.13 – permitting departure with

25  respect to non-violent offenses where the defendant may be suffering from "significantly

26  reduced mental capacity." The second issue alleges that Movant was incompetent to stand

27  trial and that his attorneys were ineffective because they failed to have his case dismissed on

28  that basis. The third issue addressed in the Report and Recommendation asserts that

1    Movant's counsel Tate's performance was deficient because he "only came to the jail on one

2    occasion to visit with him.  The visit lasted only about thirty minutes."  This was significant,

3    Movant claims, because they were not able to discuss Movant's psychological examinations

4    and evaluations, thus leaving Movant "unaware if [counsel] even knew that he had been

5    psychologically examined and evaluated."  The last issue contends that Movant's counsel was

6    ineffective for failing to interview Sueing, his co-defendant.   Movant alleges that the

7    interview would have established that Sueing, unbeknownst to Movant, owned and possessed

8    the firearms that led to Movant's conviction under 18 U.S.C. § 924(c).

9        In her Report and Recommendation, the Magistrate Judge recommended that the

10   Court issue an Order denying in part and granting in part Movant's Petition.  Specifically,

11   with respect to Movant's claim of ineffective assistance of counsel for failure to request a

12   downward departure, the Magistrate found that although Movant's mental history was

13   included in the Presentence Report and although his counsel requested that the Court "give

14   [Movant] the minimum sentence possible according to the guidelines," the Court may not

15   have been sufficiently aware of the potential for a downward departure.  Accordingly, the

16   Magistrate recommended that Movant be resentenced after full consideration of the potential

17   for downward departure pursuant to U.S.S.G. § 5K2.13.

18       The Magistrate recommended denying Movant's remaining claims of ineffective

19   assistance.

20       Regarding Movant's claim concerning his alleged incompetence, the Magistrate found

21   that Movant's attorneys sought additional information on Movant's mental condition by filing

22   a Competency Motion.  The Magistrate stated, "[t]hat the competency report ultimately

23   determined that Movant was competent to stand trial does not render counsel's performance

24   deficient under the first prong of *Strickland*."

25       With respect to Movant's claim relating to counsel's failure to visit, the Magistrate

26   found that Movant spoke with his counsel on at least three different occasions.  Further, at

27   the sentencing hearing, Movant's counsel made it clear that he was aware of Movant's mental

28

background when he referred to Movant's "extensive medical history" and "his mental history."

Lastly, regarding Movant's claim pertaining to counsel's failure to interview Sueing, the Magistrate stated that Movant's hindsight suggestion that his counsel present additional witnesses does not demonstrate that counsel's performance was constitutionally deficient. In addition, the Magistrate found that Movant failed to demonstrate prejudice from counsel's alleged failure to present Sueing's testimony. As the Ninth Circuit held in its decision on his direct appeal, the facts were sufficient to sustain his conviction under 18 U.S.C. § 924(c), as the government provided "sufficient evidence that [Movant] had a gun in his proximately located vehicle ... ."

Accordingly, the Magistrate Judge recommended that Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 be denied in part and granted in part, and that the Court resentence Movant.

Movant subsequently filed his Objections to the Magistrate Judge's Report and Recommendation objecting to the Magistrate's recommendation denying his claims for ineffective assistance based on counsel's failure to have his case dismissed due to his alleged incompetence and counsel's failure to visit.

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to effective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 686 (1984). When ineffective assistance of counsel is claimed, the standard to be used is "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id.

To prevail on such a claim, the defendant not only must show that "counsel's performance was deficient," but that "the deficient performance prejudiced the defense." Id. at 687. Thus, unless both of these showings are made, "it cannot be said that the conviction ... resulted from a breakdown in the adversary process that renders the result unreliable." Id.

There is a strong presumption that the performance of counsel falls within the wide range of professional assistance. See Kimmelman v. Morrison, 477 U.S. 365, 381 (1986).

With respect to attorney performance, the proper standard to be used "is that of reasonably effective assistance" under "prevailing professional norms." <u>Strickland</u>, 466 U.S. at 687-88. Therefore, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." <u>Id.</u> at 688; <u>see</u> <u>United States v. Vincent</u>, 758 F.2d 379, 381 (9th Cir. 1985) (defendant must show counsel's errors reflect failure to exercise skill, judgment, or diligence of reasonably competent attorney).

Counsel, furthermore, has wide latitude in deciding how best to represent a client and making tactical decisions. <u>See</u> <u>Strickland,</u> 466 U.S. at 689.  The competence of counsel "is presumed," and thus "[t]he reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." <u>Kimmelman</u>, 477 U.S. at 381, 384.  Not surprisingly, therefore, "the standard of review is highly deferential." <u>Id.</u> at 381.  As the Supreme Court has explained:

> It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable.  A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

<u>Strickland</u>, 466 U.S. at 689 (citations omitted).

As previously noted, to prevail on an ineffective assistance of counsel claim, the defendant also must "affirmatively prove prejudice." <u>Id.</u> at 693.  It is not enough to show that "particular errors of counsel were unreasonable," and that they had "some conceivable effect on the outcome" of the proceeding.  <u>Id.</u>  Rather, it must be shown that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694.  A reasonable probability is that which is "sufficient to undermine confidence in the outcome." <u>Id.</u>  When determining whether prejudice exists, the

court "'must consider the totality of the evidence before the judge or jury.'"   Kimmelman, 477 U.S. at 381 (citing Strickland, 466 U.S. at 695).

Movant first objects to the Magistrate's recommendation denying his claim for ineffective assistance based on counsel's failure to have his case dismissed due to his alleged incompetence.

The Court's review of the record reveals that Movant's counsel filed a motion asking the Court to order Movant to submit to a psychological evaluation to determine if Movant was competent to stand trial.  The Court granted counsel's motion, and had Movant placed in the custody of the Bureau of Prisons – United States Medical Center for Federal Prisoners, for this purpose.

The Court subsequently reviewed the psychological evaluation performed by Christina A. Pietz, Ph.D., and held a competency hearing wherein it found that Movant was competent to stand trial.  Movant fails to offer anything to contradict this determination.  Accordingly, Movant has not established that his counsel was deficient under Strickland.

Movant next objects to the Magistrate's recommendation denying his claim for ineffective assistance arguing that his counsel was deficient for failure to visit.  A review of the record demonstrates that counsel met with Movant on at least three different occasions.  At sentencing, counsel noted that he met with Movant at CCA Florence on one occasion.  (See Sentencing Transcript at 16.)  Counsel stated that he set the matter for a settlement conference in front of Magistrate Judge Anderson, wherein the Magistrate explained to Movant the potential ramifications of proceeding to trial.  (See id.)  Counsel continued stating that he "talked with [Movant] again before we started trial.  And then we proceeded to trial because that was his wish."  (Id.)  Movant failed to object to any of these statements.

Further, at the sentencing hearing, counsel established his knowledge of Movant's medical background stating, "[Movant] does have an extensive medical history which the other two lawyers that had this case before I was involved went back into extensively, went into his high school records, his mental history and things that have happened.  Those things

1  are categorized in his Presentence Report ... ."  The Court finds that Movant's counsel was

2  not deficient for failure to visit.

3       With regard to the remaining claims of ineffective assistance of counsel raised in

4  Movant's Petition, Movant filed no specific objection to the Magistrate's recommended

5  disposition.  While the Court will adopt the Magistrate's findings regarding Movant's claim

6  of ineffective assistance based on counsel's failure to interview Sueing without further

7  discussion, the Court will address the Magistrate's recommendation concerning Movant's

8  allegation of ineffective assistance for counsel's failure to request a downward departure

9  pursuant to U.S.S.G. § 5K2.13.

10      Section 5K2.13 of the United States Sentencing Guidelines authorizes a sentencing

11 court to depart downward in certain circumstances because of a defendant's significantly

12 reduced mental capacity:

13      A sentence below the applicable guideline range may be warranted if the
        defendant committed the offense while suffering from a significantly reduced
14      mental capacity. However, the court may not depart below the applicable
        guideline range if (1) the significantly reduced mental capacity was caused by
15      the voluntary use of drugs or other intoxicants; (2) the facts and circumstances
        of the defendant's offense indicate a need to protect the public because the
16      offense involved actual violence or a serious threat of violence; or (3) the
        defendant's criminal history indicates a need to incarcerate the defendant to
17      protect the public. If a departure is warranted, the extent of the departure
        should reflect the extent to which the reduced mental capacity contributed to
18      the commission of the offense.

19 U.S.S.G. § 5K2.13 (2000).

20      The text of the guideline plainly prohibits a sentencing court from departing

21 downward if it first finds that a circumstance identified in any one of the three prongs is

22 present.  In other words, if a sentencing court determines that (1) the defendant's condition

23 resulted from voluntary intoxication or drug use; (2) the present offense involved actual

24 violence or a serious threat of violence, evidencing a need to protect the public; or (3) the

25 defendant's criminal history demonstrates a need to protect the public, then the court lacks

26 authority to depart downward under U.S.S.G. § 5K2.13.  See United States v. Davis, 264

27 F.3d 813, 815-16 (9th Cir. 2001) (finding that the district court correctly concluded that the

28

1   circumstances of the third prong of § 5K2.13 were present eliminated its authority to depart

2   downward).

3   　　　　According to the facts set forth in the Presentence Report, to which neither Movant

4   nor his counsel filed objections, Movant was diagnosed with cocaine dependence, PCP

5   dependence, self-induced psychotic disorder, and adult antisocial behavior.  Although prior

6   medical records reflected initial diagnoses of schizophrenia and psychotic condition, it was

7   later determined that both of these conditions were drug induced and complicated by heavy

8   drug abuse.  Further, in prior presentence reports, Movant indicated that he may abuse

9   alcohol and that alcohol has been a factor in his criminal history.  The Presentence Report

10  also states that Movant became addicted to cocaine in 1986 and used that drug on almost a

11  daily basis.  Movant stated that he felt his paranoia stemmed from his abuse of cocaine.  The

12  Presentence Report also reflects an extensive criminal history – Criminal History Category

13  VI. Movant's criminal history includes convictions for theft, burglary, possession of narcotic

14  drugs, and forgery.

15  　　　　Having received the Presentence Report, Movant's counsel would have been aware

16  of all of these facts.  Thus, in light of Movant's extensive criminal history demonstrating a

17  need to protect the public coupled with his long history of substance abuse, which may have

18  caused or contributed to his mental condition, it is readily apparent that Movant's counsel

19  could not have properly sought a downward departure as circumstances implicating the first

20  and third prongs of U.S.S.G. § 5K2.13 are present in this case.

21  　　　　"The reasonableness of counsel's actions may be determined or substantially

22  influenced by the defendant's own statements or actions ... . [W]hen a defendant has given

23  counsel reason to believe that pursuing certain investigations would be fruitless or even

24  harmful, counsel's failure to pursue those investigations may not later be challenged as

25  unreasonable."  Strickland, 466 U.S. at 691.  It follows that the same applies to fruitless

26  arguments.  In the instant matter, Movant's counsel had reason to conclude that pursuing a

27  downward departure would be fruitless.

28

Moreover, nothing in the record demonstrates that Movant was suffering from a diminished capacity at the time he committed the crimes at issue. Section 5K2.13 permits departure with respect to non-violent offenses where the defendant may be suffering from "significantly reduced mental capacity." The departure is designed to "reflect the extent to which the reduced mental capacity *contributed* to the commission of the offense." U.S.S.G. § 5K2.13 (emphasis added). A significantly reduced mental capacity prevents the defendant from appreciating "the wrongfulness of the behavior comprising the offense" or controlling "behavior that the defendant knows is wrongful." Id. cmt. n.1. Movant has failed to come forward with any evidence demonstrating that his alleged mental impairments prevented him from appreciating the wrongfulness of his conduct or rendered him unable to control his behavior at the time he committed the offense.

Accordingly, the Court concludes that Movant has failed to demonstrate that counsel's failure to pursue a downward departure pursuant to § 5K2.13 fell below an objective standard of reasonableness and prejudiced his case.

Having reviewed the Report and Recommendation of the Magistrate Judge, and Movant's objections thereto, the Court concludes that Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 will be denied. Since the Court finds that Movant's Objections are without merit, the Court will hereby incorporate and adopt the Magistrate Judge's Report and Recommendation in part. The Court rejects, however, the Magistrate's recommendation regarding Movant's claim that his counsel was ineffective for failing to request a downward departure.

## CONCLUSION AND ORDER

For the reasons set forth,

**IT IS ORDERED** that the Court adopts the Report and Recommendation of the Magistrate Judge in part (Doc. #133). The Court rejects the Report and Recommendation with respect to Movant's claim that his counsel was ineffective for failing to request a downward departure; however, the Court adopts the Report and Recommendation in all other respects;

1       **IT IS FURTHER ORDERED** that Movant's Motion to Vacate, Set Aside or Correct

2 Sentence pursuant to 28 U.S.C. § 2255 (Doc. #106) is **DENIED.**

3       DATED this 28th day of February, 2007.

_____

Roger G. Strand
Senior United States District Judge

- 10 -